# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1813 | **DATE** | 9/26/2003 |
| **CASE TITLE** | Divane, Jr., et al. vs. Comtel Technologies, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting Electrical Insurance Trustees' motion to dismiss second amended counterclaim of defendant with respect to Count II. The Trustees are given leave to amend their counterclaim. Defendant's motion to continue trial set for 9/29/03 is also granted. Plaintiffs' motion for Rule 11 sanctions is taken under advisement. This case is referred to Magistrate Judge Levin for a settlement conference and to narrow the issues for trial. Trial reset for 2/9/04 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 29 2003 | |
| | Notified counsel by telephone. | | date docketed | 47 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 9/26/2003 | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM T. DIVANE, JR., KENNETH J. )
BAUWENS, MICHAEL J. CADDIGAN, )
I. STEVEN DIAMOND, SAMUEL EVANS, )
MICHAEL FITZGERALD, THOMAS C. )
HALPERIN, DANIEL MEYER, RICHARD )
SIPPLE, and MICHAEL J. WALSDORF, as )
the Electrical Insurance Trustees, )
)
Plaintiffs, )
)
v. ) No. 03 C 1813
)
COMTEL TECHNOLOGIES, INC., )
)
Defendant. )

DOCKETED
SEP 2 9 2003

## MEMORANDUM OPINION AND ORDER

Plaintiffs William R. Divane et al. ("Trustees") serve as the trustees for a benefit fund created by a collective bargaining agreement signed between defendant Comtel Technologies, Inc. ("Comtel"), the Electrical Contractors' Association of the City of Chicago ("ECA"), and Local 134, International Brotherhood of Electrical Workers ("Local 134"). On October 11, 2002, the Trustees conducted an audit of Comtel's books and records from the period from January 1, 2002 through September 30, 2002, and discovered an alleged deficit in Comtel's contributions to the fund. The Trustees also attempted an audit on April 23, 2003, of Comtel's books and records from October 1, 2002 through March 31, 2003, but Comtel allegedly did not cooperate with this audit. The Trustees have filed this lawsuit seeking a judgment in the amount



of Comtel's deficit as well as an order to compel cooperation with the second audit. Comtel in turn filed a counterclaim against the Trustees, alleging breach of the collective bargaining agreement and conversion. The Trustees have moved to dismiss this counterclaim, and I now grant their motion.

On a motion to dismiss, I accept all well-pleaded allegations in the complaint as true, *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997), and grant the motion only if the plaintiff can prove no set of facts to support the allegations in his claim. *Strasburger v. Bd. of Educ.*, 143 F.3d 351, 359 (7th Cir. 1998).

The Trustees first allege that Comtel lacks subject matter jurisdiction for its counterclaim. Fed. R. Civ. P. 12(b)(1). Comtel's counterclaims rely on state law. However, supplemental jurisdiction under 28 U.S.C. § 1367 exists whenever there is a claim properly before this court and "the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-726 (1966). The claims must share a common nucleus of operative fact and must be of the type where the claimant "would ordinarily be expected to try them all in one judicial proceeding." *Id.* In this case, the counterclaims arise from the same collective bargaining agreement as the initial claims. Logic dictates that all claims relating to

the same interpretation of the same section of the collective bargaining agreement be tried together. The claims' basis in state law is no bar to the exercise of supplemental jurisdiction. The Trustees' argument under Rule 12(b)(1) fails.

The Trustees next argue that the counterclaims should be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Count I of the counterclaim alleges breach of contract by the Trustees, specifically that they breached the collective bargaining agreement. If the resolution of a state-law claim, such as breach of contract, relies primarily on analysis of a collective bargaining agreement, the claim must either be dismissed as pre-empted by federal law or treated as a claim under 29 U.S.C. § 301. *Allis Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). The signatories to the collective bargaining agreement are Comtel, ECA, and Local 134. The Trustees are not a signatory party to the agreement, but are third-party beneficiaries. *See, e.g., Central States v. Gerber Truck Service*, 870 F.2d 1148, 1151 (7th Cir. 1989) (stating that "pension and welfare plans are not parties to the collective bargaining and participation agreements"). The Trustees cannot be subject to a claim under § 301.[1] *Teamsters Int'l Auto. Transporters Indus. Negotiating Committee v. Troha*, 328 F.3d 325, 329 (7th Cir. 2003);

---

[1] If I do not treat Count I as a claim under § 301, I must dismiss it as pre-empted by federal labor contract law. *Allis Chalmers*, 471 U.S. at 220.

*Loss v. Blankenship*, 673 F.2d 942, 946-947 (7th Cir. 1982) (limiting § 301 claims to signatories to the collective bargaining agreement). I grant the Trustees' motion to dismiss the counterclaim with respect to Count I.

Count II of the counterclaim alleges conversion on the part of the Trustees. Comtel alleges that it was coerced into paying the Trustees $95,000, an amount Comtel claims was in dispute after the first audit by the Trustees. To state a claim for conversion, Comtel must allege that the Trustees wrongfully deprived it of money to which it had a right to immediate possession. *Horbach v. Kaczmarek*, 288 F.3d 969, 978 (7th Cir. 2002). Further, the money must be "a specific fund or specific money in coin or bills" and Comtel's "right to the money must be absolute." *Id.* Comtel does not allege that the money in question was a specific fund; there is nothing before me to show that the money was in any way segregated from other money, placed in an exclusive account, or otherwise made distinctive. Simply placing a specific dollar amount on the money in question is not sufficient to make it a "specific fund." *See, e.g., Marc Dvmpt., Inc. v. Wolin*, 904 F. Supp. 777, 795 (N.D. Ill. 1995) (Moran, J.); *Cumis Inc. Soc., Inc. v. Peters*, 983 F. Supp. 787, 793-794 (N.D. Ill. 1997) (Alesia, J.). Comtel makes no allegations that the Trustees in any way segregated the money in question or otherwise earmarked it. The money in question is therefore not a "special fund" and the allegations are not

sufficient to sustain a claim for conversion. I grant the Trustees' motion to dismiss the counterclaim with respect to Count II. The Trustees are given leave to amend their counterclaim.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated: September 26, 2003